**Allan R. HOFFMAN and Robert Kaplan, d/b/a H & K Investment Co., Plaintiffs–Appellants,**

v.

**WATERWORKS, INC., A Missouri corporation, and Salvatore J. Pagano, Defendants–Respondents.**

Nos. 52842, 52846.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 23, 1988.

Frederick W. Drakesmith, Nancy R. Kistler, St. Charles, for plaintiffs-appellants.

Charles R. Schroeder, St. Peters, for defendants-respondents.

SIMON, Presiding Judge.

Allan R. Hoffman and Robert Kaplan, d/b/a H & K Investment Co., plaintiffs/lessors, instituted an action against defendants/lessees, Waterworks, Inc. and Salvatore J. Pagano, for breach of a lease agreement and requested restoration of the demised premises, a self-service manual hand car wash. Plaintiffs alleged that defendants had failed to maintain the asphalt parking lot surrounding the premises and had erected two signs without plaintiffs' written approval in violation of provisions contained in the lease. Defendants counterclaimed, based on a handwritten nota-tion contained in the lease, alleging that plaintiffs had breached the lease agreement by failing to maintain the asphalt parking lot. The counterclaim was later amended alleging that plaintiffs failed to maintain the roof of the premises in violation of the lease agreement.

Judgment was entered in the Circuit Court of St. Charles County in favor of plaintiffs on their claim for breach of contract in the amount of $6,900.00 and in favor of defendants on their counterclaim in the amount of $2,618.00 and plaintiffs were denied restoration of the premises.

Plaintiffs appeal asserting that the trial court erred: (1) in failing to award plaintiffs restoration of the demised premises because defendants had materially breached the lease and plaintiffs were thereby damaged; (2) in finding that plaintiffs breached the lease agreement by failing to repair the roof of the premises because the evidence was insufficient to support such a finding; and (3) in finding that plaintiffs' predecessors in interest waived defendants' breach of lease agreement with respect to unauthorized signs because the evidence was insufficient to support such a finding. Defendants cross-appeal asserting that the trial court erred in finding that defendants breached the lease agreement by failing to maintain the asphalt parking lot.

Briefly, the evidence adduced at trial showed that the lease between the parties provides as follows:

Section 13.02 of the lease agreement provides that the "[t]enant shall keep and maintain in good order, condition and repair (including any such replacement and restoration as is required for that purpose) the Leased Premises and every part thereof and any and all appurtenances thereto wherever located...." A notation written by Robert M. Wohler, an attorney for plaintiffs' predecessor, appears in the margin next to Section 13.02 stating "landlord tains all phalt. [sic]" Section 12.01 of the lease agreement provides that the "[t]enant shall not ... install or cause to be installed any ... exterior signs ... without first

**828**

obtaining Landlord's written approval and consent." Section 22.01 of the lease agreement provides that "[i]n the event of any failure of Tenant ... to perform any ... of the terms, conditions or covenants of this Lease to be observed or performed by Tenant for more than thirty (30) days after written notice of such default shall have been given to Tenant ..., then Landlord in addition to other rights or remedies it may have, shall have the immediate right of re-entry...." Section 13.01 of the lease agreement provides that "[l]andlord shall keep and maintain the foundation, exterior walls and roof of the building in which the Leased Premises are located...."

Pursuant to plaintiffs' request, the trial court made written findings of fact and conclusions of law. The trial court found "[t]hat it is plaintiffs' duty to maintain the roof, which they have failed to do, and the damage therefrom is $2,400." The trial court further found:

That it is the duty of Defendants to maintain the asphalt surrounding the car wash, within the curbed area; that the cost thereof is $6,000.00; and that Plaintiffs are responsible for the maintenance of the curbing and repair of the asphalt/concrete bumper curb and the cost thereof is $218.00.

The Court finds that the provision of the lease, as unaltered, Section 13.02, places the burden of asphalt repair on the Defendants. If the court accepts the alteration of the document as made by Plaintiffs' predecessors (i.e. Mr. Robert M. Wohler), the burden would shift to the Plaintiffs by reason of the words "landlord maintains all asphalt". However, if the Court accepts that amendment, it must also consider the evidence received, without objection, by Mr. Wohler which goes to two points.

A. Mr. Wohler clarified the words "landlord maintains all asphalt" which were otherwise not legible on the lease in evidence; and

B. That there were further obligations by oral amendment that placed on Defendants the duty to maintain the asphalt around the car wash, except as damaged by Plaintiffs. Plaintiffs have

now, by median, restricted the flow of their water and traffic, thereby clarifying and defining the area where Defendants are responsible.

The trial court found "[t]hat any breach by Defendants in reference to the signs has been waived by Plaintiffs' predecessors. That the signs in the evidence presented do not vary to any substantial extent from those used elsewhere in the center." The trial court concluded "[t]hat the breach by Defendants, if any, is not substantial enough to warrant restoration of the premises to the Plaintiffs."

At the outset, we note that our standard of review of this court tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We must affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or erroneously applies the law. *Id.* at 32.

Having carefully reviewed the record on appeal in reference to the points raised, we conclude that the judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears and an extended opinion would have no precedential value. Rule 84.16(b).

Judgment affirmed.

CRANDALL and GRIMM, JJ., concur.